Filed 1/17/23  P. v. Cabada CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSE MANUEL CABADA,<br><br>    Defendant and Appellant. | 2d Crim. No. B315418<br>(Super. Ct. No. 2020032612)<br>(Ventura County) |

Jose Manuel Cabada appeals from the judgment entered after a jury convicted him of second degree robbery, among other offenses.  (Pen. Code, § 211.)[1]  He contends the evidence is insufficient to support his robbery conviction.  He also contends that he is entitled to remand for resentencing in light of recently enacted Senate Bill No. 567.  We affirm.

---

    1 All further statutory references are to the Penal Code unless otherwise indicated.

## Procedural Background

In May 2020, appellant engaged in a series of offenses that involved stealing a car, robbing a convenience store, and leading police on a high-speed chase that ended after appellant crashed the stolen car into a median on the 101 freeway.

The information charged appellant with three felony counts including second degree robbery (§ 211, count 1), evading an officer (Veh. Code, § 2800.2, subd. (a), count 2), and unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a), count 3). Count 1 alleged a five-year sentencing enhancement for a prior serious felony conviction. (§ 667, subd. (a)(1).) All three counts alleged appellant had sustained a prior strike, a serious or violent felony conviction, and at least two prior felony convictions, which made him presumptively ineligible for probation and required that the imposed sentence be doubled and served in state prison. (§§ 667, subds. (c)(1) & (e)(1), 1170, subd. (h)(3), 1170.12, subds. (a)(1) & (c)(1), 1203, subd. (e)(4).)

The trial court sentenced appellant to an aggregate term of 12 years eight months in state prison. On count 1, robbery, the trial court imposed the upper term of five years doubled as a second strike for a total of 10 years. On count 2, evading an officer, the trial court imposed one-third the middle term doubled for a total of 16 months, to be served consecutive to count 1. On count 3, unlawful taking or driving of a vehicle, the trial court imposed one-third the middle term doubled for a total of 16 months, also to be served consecutive to count 1.

## Factual Background

During the early morning hours of May 30, 2020, appellant approached two men with his fists raised as they were putting trash in the dumpster of a car dealership in Oxnard. When the

men noticed him, they were immediately afraid and ran in opposite directions. Appellant chased the first man, but then turned to chase the other, using a pole saw he found in the back of the second man's truck. Appellant then jumped into the first man's car and drove away.

Shortly thereafter, appellant went into a convenience store in Camarillo. Video surveillance from the store shows appellant got out of the stolen car, entering the store and selecting a gallon of milk. At the counter, appellant requested a pack of cigarettes and another item. He paid the clerk, but then asked for an additional pack of cigarettes. When the clerk retrieved the cigarettes and announced the new total, appellant became agitated. He made a gesture as if he was going to exchange the cigarettes, but then reached under the plexiglass barrier to grab the money in the clerk's hand and knocked the plexiglass barrier to the floor. He told the clerk to give him the money and asked if the clerk thought this was a game. Appellant demanded the other pack of cigarettes as well.

After the clerk complied, appellant raised the milk jug above his head as if he was going to strike the clerk with it or throw it at him. The clerk stepped back and put his hands in the air. Appellant took additional items from a display rack at the counter. As he was exiting the store, he grabbed a container of money for a children's charity and said, "I'm taking this too."

Meanwhile, the clerk activated a silent alarm to summon police. Outside of the store, appellant approached another customer who became startled and drove off.

Police responded and located appellant in the stolen car. When the officer attempted to conduct a traffic stop, appellant fled at a high rate of speed, eventually crashing into a median on

the freeway.  Appellant suffered significant injuries from the crash and was taken into custody.

*Sufficiency of Evidence*

Appellant contends the evidence is insufficient to support his robbery conviction because there is no evidence that the victim's fear was objective or reasonable.  Appellant's contention is without merit.

"In assessing the sufficiency of the evidence, we review the entire record in the light most favorable to the judgment to determine whether it discloses evidence that is reasonable, credible, and of solid value such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt.  [Citations.]  Reversal on this ground is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction].'"  (*People v. Bolin* (1998) 18 Cal.4th 297, 331, citing *Jackson v. Virginia* (1979) 443 U.S. 307, 319-320.)  "We neither reweigh the evidence nor reevaluate the credibility of witnesses.  [Citation.]  We presume in support of the judgment the existence of every fact the jury reasonably could deduce from the evidence."  (*People v. Jennings* (2010) 50 Cal.4th 616, 638-639 (*Jennings*).)

To establish a robbery was committed by means of fear, the prosecution must present evidence "'"that the victim was in fact afraid, and that such fear allowed the crime to be accomplished."'"  (*People v. Morehead* (2011) 191 Cal.App.4th 765, 772, quoting *People v. Cuevas* (2001) 89 Cal.App.4th 689, 698.)  Fear may be inferred from the circumstances, including by acts of intimidation, even without threats.  (*Morehead*, at pp. 774-775; *People v. Mullins* (2018) 19 Cal.App.5th 594, 605.)

4

Contrary to appellant's contention, the law does not require a victim's fear to be objectively reasonable. Rather, "what matters is whether the victim in this case was *subjectively* in fear, not whether a hypothetical and objective 'reasonable person' standing in the victim's shoes would have been afraid." (*People v. Collins* (2021) 65 Cal.App.5th 333, 341.) We note that appellant's reliance on *People v. Iniguez* (1994) 7 Cal.4th 847, is misplaced because the Court in that case analyzed the concept of fear within the context of the Legislature's elimination of the active resistance requirement in rape prosecutions.

Nevertheless, appellant contends the evidence was ambiguous and "reasonable minds might have interpreted" the events in a "variety of ways." For example, he contends there is no evidence of force or fear because he did not "strong-arm" the victim or demand that he empty the cash register. He did not scream or utter words conveying a threat of unlawful harm. He did not display a weapon. Appellant concedes that he did raise the milk jug "for one second," but contends this was insufficient to cause the fear necessary to establish a robbery.

Appellant's contentions amount to a request for us to reweigh the evidence and come to a different conclusion. This we may not do. (See *Jennings, supra*, 50 Cal.4th at pp. 638-639.) The victim testified that he was "very intimidated" by appellant, who was bigger than the victim. He stated that he complied with appellant's demands because he was afraid appellant would become violent if he did not. He hit the "panic button" to summon immediate help, which was store policy if the clerk felt threatened or there was a robbery. Even after police arrived, the victim was "really rattled" and his "hands were still shaking."

5

*Senate Bill No. 567*

Appellant contends he is entitled to remand for resentencing because the trial court erred in imposing the upper term sentence in light of the amendments made to section 1170, subdivision (b).

When the trial court sentenced appellant, former section 1170, subdivision (b) provided, "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court." (Former § 1170, subd. (b).) "Senate Bill No. 567 (2021-2022 Reg. Sess.) amended section 1170, subdivision (b), making the middle term of imprisonment the presumptive sentence." (*People v. Flores* (2022) 75 Cal.App.5th 495, 500 (*Flores*); Stats. 2021, ch. 731, § 1.3, eff. Jan. 1, 2022.)

"A trial court may impose an upper term sentence only where there are aggravating circumstances in the crime and the defendant has either stipulated to the facts underlying those circumstances or they have been found true beyond a reasonable doubt." (*Flores, supra,* 75 Cal.App.5th at p. 500; § 1170, subd. (b)(1)-(2).) In making this determination, the trial court "may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

The People correctly concede these amendments apply retroactively to appellant because his conviction was not final when the new legislation took effect. (See *Flores, supra,* 75 Cal.App.5th at p. 500.)

6

In imposing the upper-term sentence for appellant's robbery conviction, the trial court explained its reasoning as follows:

"As to Count 1 – first, the other thing I do want to say before I get to sentencing is one of the things that struck me about this case is the fact that he was looking to victimize people that particular night. He was looking for confrontations wherever he could find them, including with the two witnesses or complaining witnesses on the stolen car case, and then he goes into the store and has a confrontation with the clerk. Then, when he's leaving, he's trying to have a confrontation with people out in the parking lot. That was clear on the video. And then he goes into an extremely dangerous pursuit. This defendant was committed to making victims that particular night.

"Also, I look at the defendant's statement to probation and there is nothing in here that indicates any sort of remorse, any sort of acknowledgment of understanding why and what he was doing. It is I didn't get a fair trial. The jury got it wrong. The witness lied. There's just nothing in here for me to look at and want to give him much by way of leniency.

"As to Count 1, the Court is going to impose the upper term . . . I chose the upper term because the defendant's prior record is significant. The defendant's prior record indicates conduct of a similar nature. His performance on probation or parole has not been good and he's gotten numerous prior convictions."

Appellant contends the trial court erred in imposing the upper term because he did not stipulate to the facts underlying the aggravating circumstances, nor were they found true beyond a reasonable doubt by a jury or court trial. The People contend remand is not required because the trial court properly relied

upon appellant's prior convictions to justify the upper term, and to "require the lower court to expressly identify certified records when the nature and number of prior convictions is undisputed is to exalt form over substance."

We decline to remand this case to the trial court because no alleged error has resulted in a miscarriage of justice. (Cal. Const., art. VI, § 13.) Pursuant to *Cunningham v. California* (2007) 549 U.S. 270, aggravating circumstances based on a defendant's criminal history that render him eligible for the upper term include a trial court's finding that the defendant (1) suffered a prior conviction, (2) was on probation or parole at the time he committed the offense, and (3) performed unsatisfactorily while on supervision to the extent such unsatisfactory performance is established by the defendant's record of prior convictions. (*People v. Black* (2007) 41 Cal.4th 799, 818-820; *People v. Towne* (2008) 44 Cal.4th 63, 80-82 (*Towne*).)

Here, the trial court relied on three aggravating circumstances to impose the upper term: appellant's prior convictions were numerous (Cal. Rules of Court, rule 4.421(b)(2), appellant was on parole when he committed the present offenses, and his performance while on parole was unsatisfactory. (*Id.*, rule 4.421(b)(4)-(5).) Nothing in the record indicates the aggravating circumstances were inaccurate. Appellant did not dispute the report or object to its contents at the sentencing hearing. Moreover, the existence and number of appellant's prior convictions would have been readily available from official records and were included in both the probation report and the People's sentencing brief, which the trial court read and considered. (See *Towne, supra*, 44 Cal.4th at p. 81.)

It is not reasonably probable that appellant would have received a more favorable sentence if the trial court had made its findings based on certified records. For example, the trial court expressly stated it was not inclined to give appellant much by way of leniency based on his lack of remorse, or any acknowledgment or accountability for his actions. Indeed, the trial court explained, "the sentence accurately reflects the defendant's behavior" and "satisfies the goals of public safety." To the extent the aggravating circumstances were not stipulated to or found true beyond a reasonable doubt, any error in taking them into consideration is harmless. (*Flores*, *supra*, 75 Cal.App.5th at p. 500; *People v. Watson* (1956) 46 Cal.2d 818, 836.)

*Disposition*

The judgment is affirmed.

<u>NOT TO BE PUBLISHED</u>.

YEGAN, J.

We concur:

GILBERT, P. J.

BALTODANO, J.

9

Ryan J. Wright, Judge
Superior Court County of Ventura

_____

Nancy Wechsler, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill, Supervising Deputy Attorney General, and David F. Glassman, Deputy Attorney General, for Plaintiff and Respondent.